UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNNIE BENTON, *et al.*, ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:14CV01293 ERW |
| ) | |
| LABELS DIRECT, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs Johnnie Benton's and Sean Marre's ("Plaintiffs") "Motion for Sanctions and Certificate of Attempt to Resolve" [ECF No. 14].

## I. BACKGROUND

On March 3, 2014, Plaintiffs, individually, and as representatives of a class of similarly situated persons, filed a First Amended Petition in the Circuit Court of the County of St. Louis, alleging Defendant Labels Direct, Inc., ("Labels Direct") violated the Missouri Minimum Wage Law, Missouri Revised Statutes §§ 290.1010 *et seq*. [ECF No. 11]. On July 22, 2014, Defendant Labels Direct, Inc. ("Labels Direct') filed a Notice of Removal, on grounds of federal question jurisdiction, because Plaintiffs' unruled state "Motion for Class Certification" [ECF No. 16] alleged they and the purported class had been harmed by Labels Direct's violation of 29 C.F.R. § 785.18 [ECF Nos. 1, 7, 16, 16-1]. Thus, Labels Direct asserted this Court has original jurisdiction over this matter because it arises under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

1

Plaintiffs filed their "Motion for Sanctions and Certificate of Attempt to Resolve" on July 23, 2014 [ECF No. 14]. Thereafter, the Court granted Plaintiffs leave to file their Fourth Amended Complaint, and to add Labels Direct's President Christopher Budde ("Budde"), and Vice-President Kimberly Chaney ("Chaney"), as defendants [ECF Nos. 28, 31, 33]. Plaintiffs Fourth Amended Complaint specifically asserts claims under the FLSA, alleging two categories of overtime violations: 1) failure to pay for 15-minute rest periods taken twice each day; and 2) failure to pay wages for time worked after the scheduled end of a shift, and for time spent attending meetings. Labels Direct, Chaney, and Budde filed their separate Answers to Plaintiffs' Fourth Amended Complaint on August 22, 2014 [ECF Nos. 38, 39, 40].

**II.     LEGAL STANDARD**

"In order to impose sanctions under Rule 37, there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999). Striking a party's pleadings, entering a default judgment, and dismissing a lawsuit are remedies within the Court's power to address conduct that abuses the judicial process. *Id*. at 1022. Due to a strong policy favoring deciding a case on the merits and against depriving parties of their opportunity to be heard, such drastic sanctions are closely reviewed. *Id*. at 1020. "While there is no requirement for an evidentiary hearing prior to the imposition of sanctions, the power of the district court is limited by the due process clause of the Fifth Amendment." *Id*. at 1022.

**III.    DISCUSSION**

In their Motion for Sanctions, Plaintiffs assert that Interrogatories served to Labels Direct on March 20, 2014, included the following request, contained in Interrogatory No. 3:

2

> Please state whether or not there is any policy or agreement under which any person engaged in an insurance business or similar business may be liable to satisfy part or all of any judgment which may be entered against this Defendant, or to reimburse the Defendant for payments made to satisfy any such judgment, or to provide any defense for Defendant in his action, and with respect to any such policy or agreement, please identify the insurance company, the policy number, the effective dates and the limits of liability.

[ECF No. 14 at 1]. Plaintiffs further assert Labels Direct served answers and objections to their Interrogatories, and its response to No. 3 stated:

> Labels Direct objects to Interrogatory No. 3 to the extent it seeks information beyond that permitted under Rule 56.01(b)(2). Labels Direct further objects to Interrogatory No. 3 as vague, ambiguous, and unclear as to the meaning of the phrase "similar business." Subject to and without waiving any of its objections, Labels Direct states that, pursuant to Rule 57.01(c), Labels Direct will produce its insurance policy that provides information responsive to Interrogatory No. 3.

[ECF No. 14 at 2]. Plaintiffs state the parties have engaged in several consultations and discussions, including an April 30, 2014 telephone conversation, in which Labels Direct assured Plaintiffs that the insurance information "would be provided directly" [ECF No. 14 at 2]. Plaintiffs certify that, in addition to the April 30, 2014 call, they have communicated with Labels Direct, in an effort to resolve this discovery dispute, by letters dated April 24 and 30, 2014, and by email dated June 23, 2014. They claim that, although more than sixty days have passed since the April 30 conversation, Labels Direct has not produced any insurance information. Plaintiffs ask the Court to enter an Order striking Labels Direct's pleadings, and granting default judgment against Labels Direct and in favor of Plaintiffs.

In its Opposition to Plaintiffs' Motion for Sanctions, Labels Direct claims it has fully complied with its discovery obligations [ECF No. 29]. Labels Direct contends Plaintiffs seek an order of default judgment against it for refusing to produce a copy of an insurance policy that is

3

beyond the scope of discovery, and argues: "Plaintiffs have failed to articulate how their overly broad and burdensome request for disclosure of an insurance policy that does **not** provide coverage for liability in this matter has any relevance or is reasonably calculated to lead to the discovery of admissible evidence" [ECF No. 29 at 1]. Labels Direct states it retained new counsel in June 2014, and says, on July 22, 2014, it served a supplemental response to Interrogatory No. 3 that informed Plaintiffs:

> [T]here is no policy or agreement providing liability coverage or coverage for any judgment which may be entered against Labels Direct. Labels Direct has an insurance policy providing coverage for the costs of defense. But to the extent this Interrogatory seeks information regarding cost-of-defense insurance coverage, such information is beyond that permitted under Rule 56.01(b)(2).

[ECF No. 29 at 2-3]. Labels Direct further claims it called Plaintiffs on July 29, 2014, to discuss this pending Motion for Sanctions, and Plaintiffs informed it they still intended to pursue their motion, because they believed they were entitled to review Labels Direct's cost-of-defense policy. Labels Direct asserts it asked Plaintiffs to provide a legal basis that would require it to disclose this policy, but Plaintiffs have not done so. Labels Direct contends sanctions are not appropriate, because there has been no willful violation of an order compelling discovery; Labels Direct has not impeded discovery, engaged in discovery abuse, or exhibited bad faith; and Plaintiffs do not claim any real prejudice resulting from Labels Direct's interrogatory answers.

In their Reply, Plaintiffs state Labels Direct served its supplemental response, asserting that its insurance policy only provides cost-of-defense coverage, on the same date Labels Direct removed this action to this Court [ECF No. 34]. Plaintiffs contend it is too late for Labels Direct to object to Interrogatory No. 3, and to take the position that it need not produce its insurance policy. Plaintiffs also assert that Labels Direct has waived its claim that the insurance policy

4

need not be produced. Plaintiffs argue Labels Direct's current objection is inconsistent with its initial response; Plaintiffs should be allowed to investigate the policy; and Labels Direct has not attempted to show how production of the insurance information would create any hardship, burden, or prejudice. Nevertheless, Plaintiffs concede that, before severe sanctions may be imposed, Federal Rule of Civil Procedure 37 requires "a progressive series of events, starting with a court order followed by another order or warning[,]" and "there should be a hearing to allow the offending party to demonstrate good faith before ha[r]sh penalties are imposed" [ECF No. 34 at 5].

Labels Direct's initial response to Interrogatory No. 3 was served on Plaintiffs prior to removal of the action to this Court, and thus was subject to Missouri's discovery rules. Missouri's general provisions governing discovery are set forth in Missouri Rule of Civil Procedure 56.01. Rule 56.01 provides for the disclosure of insurance agreements "under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Mo. R. Civ. P. 56.01(b)(2). Disclosure of a cost-of-defense policy would not be required under Missouri's Rule 56.01(b)(2).

Labels Direct's supplemental response to Interrogatory No. 3 was served on Plaintiffs when the action was removed to this Court, on July 22, 2014. Federal Rule of Civil Procedure 26 sets forth general provisions governing discovery in federal courts. Rule 26 identifies several categories of information that parties must, without awaiting a discovery request, produce to other parties. Fed. R. Civ. P. 26(a)(1)(A). Among other required initial disclosures, the parties must provide "for inspection and copying as under Federal Rule of Civil Procedure 34, any

5

insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv).  Thus, disclosure of a cost-of-defense policy is not required under Rule 26.  The existence of such insurance coverage generally is not admissible at trial, but could be discoverable, if it were relevant to Plaintiffs' claim, or reasonably calculated to lead to the discovery of admissible evidence.  Fed R. Civ. P. 26(b)(1).  Rule 26 also requires parties who have responded to interrogatories to supplement a response "in a timely matter if the party learns that in some material respect the disclosure or response is incomplete or incorrect[.]" Fed. R. Civ. P. 26(e)(1)(A).

At first glance, Labels Direct's supplemental response to Interrogatory No. 3 could appear to be inconsistent with the part of Labels Direct's initial response that stated it would "produce its insurance policy that provides information responsive to Interrogatory No. 3[,]" and with its former counsel's assurances that insurance information would be provided.  However, consideration of the interrogatory and responses *in toto* reveals the responses do not contradict each other.  In its initial response, Labels Direct first objected to the interrogatory, as being, among other things, outside the scope of Missouri's Rule 56.01(b)(2).  Then, in its supplemental response, Labels Direct told Plaintiffs it had no policy providing coverage for liability in this matter, and, although it informed Plaintiffs it did have a cost-of-defense policy, Labels Direct opined the policy was beyond the scope of discovery.  The Court finds a cost-of-defense only policy is not an insurance policy providing information responsive to Interrogatory No. 3, and thus production of such a policy agreement is not required by the parties' Interrogatory No. 3 requests and responses.  The Court further finds that the contents of a cost-of-defense only policy

6

would not be relevant to Plaintiffs' claims, or be reasonably calculated to lead to discovery of admissible evidence. The Court is not persuaded by Plaintiffs' waiver argument, as Labels Direct expressly stated its initial response was not waiving its objection to the interrogatory request. Consequently, the Court finds sanctions are not warranted in this matter. Labels Direct's initial and supplemental responses to Interrogatory No. 3 comply with its discovery obligations; there has been no violation of an order compelling discovery, or other discovery abuse; and Plaintiffs have not shown prejudice resulting from the answers. The Court will deny Plaintiffs' Motion for Sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion for Sanctions and Certificate of Attempt to Resolve" [ECF No. 14], is **DENIED**.

So Ordered this 3rd day of September, 2014.

                                                                                          *E. Richard Webber*
                                                                                          **E. RICHARD WEBBER**
                                                                                          **SENIOR UNITED STATES DISTRICT JUDGE**