UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOHNNIE BENTON, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:14CV01293 ERW |
| | ) |
| LABELS DIRECT, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on "Plaintiffs' Motion for Partial Summary Judgment" [ECF No. 21].

**I.   BACKGROUND**

Plaintiff Johnnie Benton, individually and as representative of a class of similarly situated persons, initiated this action by filing a petition in the Circuit Court of the County of St. Louis, Missouri, on January 27, 2014 [ECF No. 1-3]. Subsequently, on March 3, 2014, Plaintiffs Johnnie Benton and Sean Marre, individually, and as representatives of a class of similarly situated persons, filed a First Amended Petition in the Circuit Court of the County of St. Louis, alleging Defendant Labels Direct, Inc., ("Labels Direct") violated the Missouri Minimum Wage Law ("MMWL"), Missouri Revised Statutes §§ 290.500 *et seq*. [ECF No. 11].

On July 22, 2014, Labels Direct filed a Notice of Removal, on grounds of federal question jurisdiction, because Plaintiffs' unruled state "Motion for Class Certification" [ECF No. 16] alleged they and the purported class had been harmed by Labels Direct's violation of 29

1

C.F.R. § 785.18 [ECF Nos. 1, 7, 16, 16-1]. Thus, Labels Direct asserted this Court had original jurisdiction over this matter because it arises under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

After the Court directed Labels Direct to respond to Plaintiffs' Motion for Class Certification, Labels Direct filed its Response [ECF Nos. 18, 30, 30-1], and Plaintiffs filed "Plaintiffs' Reply to Defendant's Memorandum in Opposition to Plaintiffs' Motion for Class Certification" [ECF No. 35]. This Court denied Plaintiffs' Motion for Class Certification on September 17, 2014. [ECF No. 47].

On July 28, 2014, this Court entered a Docket Text Order that granted Plaintiffs leave to add two more individuals, Ryan Piel and Adam English, as plaintiffs in this matter, and to file a Third Amended Complaint [ECF Nos. 17, 19]. Thereafter, Plaintiffs Benton and Marre filed their Motion for Partial Summary Judgment [ECF Nos. 21–27]. Defendants filed a joint Response [ECF Nos. 36 through 37-9], and Plaintiffs filed their Reply [ECF Nos. 43-45].

The Court granted Plaintiffs leave to file their Fourth Amended Complaint ("FAC"), and to add Labels Direct's President Christopher Budde ("Budde"), and Vice-President Kimberly Chaney ("Chaney"), as defendants on August 8, 2014 [ECF Nos. 28, 31, 33]. In addition to its MMWL claims, Plaintiffs' FAC specifically asserts claims under the FLSA, alleging two categories of overtime violations: 1) failure to pay for 15-minute rest periods taken twice each day; and 2) failure to pay wages for time worked after the scheduled end of a shift, and for time spent attending meetings [ECF No. 33]. Plaintiffs' FAC requests compensatory and liquidated damages, interest for unpaid overtime wages, attorneys' fees and costs, and injunctive relief. Labels Direct, Chaney, and Budde filed their separate Answers to Plaintiffs' FAC on August 22,

2

2014 [ECF Nos. 38-40].

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Federal Rule of Civil Procedure 56(c) provides that "[a] party asserting that a fact cannot be, or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." E.D. Mo. L.R. 7-4.01(E).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment will not lie if a genuine dispute about a material fact is shown; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In ruling on a motion for summary judgment, the Court may not make credibility determinations, weigh the evidence, or draw inferences from the facts. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

To satisfy his initial responsibility, the summary judgment movant must inform the court of the basis for his motion and must identify those portions of the record that he believes demonstrate the absence of a genuine issue of material fact. *Id.* at 1042. Once the moving party

3

party has discharged the requisite evidentiary burden, the nonmovant must respond by submitting evidentiary materials that set out Aspecific facts showing that there is a genuine issue for trial.@ *Id.* (citations omitted). If the nonmovant fails to produce such evidence, summary judgment in favor of the moving party is proper. *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

### III. STATEMENT OF UNCONTROVERTED MATERIAL FACTS

The following statement of undisputed or uncontroverted material facts is derived from Plaintiffs' Statement of Uncontroverted Material Facts in Support of Their Motion for Partial Summary Judgment and supporting exhibits [ECF Nos. 23 through 27-3], Defendant Labels Direct's Response to Plaintiffs' Statement of Uncontroverted Material Facts in Support of Their Motion for Partial Summary Judgment [ECF Nos. 37 through 37-9], Plaintiffs' Reply to Defendant Labels Direct, Inc.'s Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment [ECF No. 43], the parties= pleadings and responses thereto [ECF Nos. 28-1, 28-2, 33, 38-40], and uncontroverted exhibits of record.

Labels Direct is a Missouri corporation with its principal place of business in St. Louis County, Missouri. At all times relevant to this lawsuit, Labels Direct has been engaged in commerce and the production of goods in commerce, with gross revenue in excess of $500,000. Budde is Labels Direct's Chief Executive Officer and President, and Chaney is Labels Direct's Vice President.

Since January 2012, Labels Direct has employed a total of 18 hourly, non-exempt warehouse and manufacturing employees at its facility in Chesterfield, Missouri. Of these 18 employees, only 8 are currently employed by Labels Direct. Plaintiff Benton was a regular full-full-time warehouse/manufacturing worker employed by Labels Direct approximately from

4

March 2012, until November 2013. Plaintiff Piel worked as a shipping clerk at the Labels Direct Direct plant in St. Louis County, Missouri, from approximately April 1, 2012, through April 2014. Plaintiff English worked as a full-time press operator at the Labels Direct plant in St. Louis County, Missouri, from October 2011 through May 2014. Plaintiff Marre was employed by Labels Direct as a full-time production/manufacturing worker or press operator at the Labels Direct plant in St. Louis County, Missouri, for more than three years, until February 2014.

Prior to 2010, warehouse and manufacturing employees were entitled to a single 1-hour meal/break period per day. In March 2009, Plaintiff Marre and other hourly warehouse and manufacturing employees requested and expressed a preference for multiple breaks throughout their shift. Between January 2010 and January 2014, Labels Direct provided Plaintiffs and hourly warehouse and manufacturing employees, a 15-minute break in the morning, a 30-minute break in the middle of their shift, and a 15-minute break in the afternoon. Labels Direct supplied free food to the employees during these breaks.

Plaintiff and others subject to Labels Direct's timekeeping policies were required to record their time by punching "in" and "out" on an Ingersoll Rand time clock using hand geometry recognition biometric technology, pursuant to which an employee would "punch" the clock, or "clock in" and "clock out," by placing his or her palm on a printed hand outline on the platen of the time clock. During their employment with Labels Direct, Plaintiffs were required to record all time worked using the Ingersoll Rand time clock system, and were not allowed to perform any work "off the clock." The morning and afternoon breaks were not counted as hours worked.

When the three-break period policy was in place, Plaintiffs and the other warehouse and

5

manufacturing employees were generally allowed to take their breaks whenever and wherever they desired. Their time and attention during the breaks were devoted to non-worked-related activities for their personal benefit. During the three breaks, Plaintiffs and the warehouse and manufacturing employees were completely relieved from duty. They were not required or allowed to perform any duties, were not "on-call," and were free to do whatever they wanted during their break periods. They could leave Labels Direct's premises during their breaks. Certain employees requested the three breaks so that they could eat multiple times throughout the day. Most of the employees used the break periods to eat a substantial meal.

The employees' breaks were rarely interrupted. However, if for some reason an employee's break was interrupted or otherwise cut short, the employee clocked back in prior to performing any work, to ensure he was properly compensated for any time worked.

Plaintiffs never complained to management about the three breaks being off-the-clock or not being compensated for the breaks. But, since Labels Direct changed its meal policy in February 2014 to provide only one meal period per day, several employees have expressed their dissatisfaction with the change and their preference for the three breaks, because the breaks allowed them to eat multiple times throughout their shifts.

Labels Direct compensates its hourly employees for all hours worked based on their time clock entries. For any time worked beyond 40 hours per week, Labels Direct pays the employee overtime at one and one-half times the regular hourly rate. It is the employee's responsibility to accurately record all working time and, to the extent there are any errors, bring any time clock problems or compensation errors to management's attention.

## IV.     DISCUSSION

In their Motion for Partial Summary Judgment, Plaintiffs Benton and Marre ask the Court to grant summary judgment in their favor, and against Labels Direct, on the issue of "liability for failure to pay overtime wages for time spent on 15-minute rest periods in violation of Missouri's Wage and Hour Law, § 290.505 R.S.Mo." [ECF No. 21 at 1].  Section 290.505 requires employers to pay overtime compensation to non-exempt employees who work in excess of 40 hours per workweek.  Mo. Rev. Stat. 290.505.1.  Plaintiffs claim there is no genuine dispute that, during relevant times, from approximately January 27, 2011, through January 27, 2014, "Plaintiffs and other hourly warehouse and manufacturing workers were employed for a workweek in excess of 40 hours[,] but did not receive compensation for the work in excess of 40 hours at a rate of at least one and one-half times the regular rate in violation of 29 C.F.R. § 785.18" [ECF No. 21 at 2].  29 C.F.R. § 785.18 provides:

> Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry.  They promote the efficiency of the employee and are customarily paid for as working time.  They must be counted as hours worked.  Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

Plaintiffs assert this federal regulation is controlling law, because it is specifically incorporated in the overtime compensation provision of the MMWL.  *See* Mo. Rev. Stat. § 290.505.4 (" . . this section shall be interpreted in accordance with the Fair Labor Standards Act, 29 U.S.C. Section 201, et seq., as amended . . ..").  They further claim there is no genuine dispute that Labels Direct Direct knowingly failed, or refused, to count time spent on rest periods of 15 minutes as compensable hours worked, and contend 29 C.F.R. § 785.18 makes Labels Direct's liability obvious.

7

Plaintiffs state Labels Direct "did not pay wages to Plaintiffs for the time spent on the two brief rest periods, 15 minutes in the morning and 15 minutes in the afternoon, taken by Plaintiffs each 9-hour shift and did not pay wages at the premium rate of one-and-one-half times the regular rate when Plaintiffs worked forty hours a week or more during the period, January 10, 2010 through January 2014" [ECF No. 23 at 4]. Plaintiffs further state:

> For example, the attached time record for Sean Marre produced by Defendant in this case for the two weeks (10 work days) ending Friday, December 9, 2011 shows that Sean Marre clocked in each day at approximately 6:30 a.m. and clocked out at approximately 3:30 p.m.; during each of those 9-hour shifts he took a short break in the morning of about 15 minutes, a lunch break of about 30 minutes and second afternoon rest break of about 15 minutes; but received no "O.T." hours.

[ECF No. 23 at 4-5]. In support of this asserted fact, Plaintiffs submitted a copy of a "Detail Employee Report" for Marre, showing his recorded time for 10 working days between November 28, 2011 and December 9, 2011 [ECF No. 27-1]. Review of this time record reveals that Marre clocked a total of 82.72 hours for this period. The time record shows Marre clocked out for three three breaks daily, one in the morning, one around mid-shift, and one in the afternoon. The time record shows the morning breaks ranged from 13 to 20 minutes, the mid-shift breaks ranged from 28 to 32 minutes, and the afternoon breaks ranged from 5 to 16 minutes. The daily totals of the three breaks ranged from 49 to 64 minutes during this time period. Thus, the time record does not conclusively establish Marre took two daily short breaks of about 15 minutes, as it reveals the duration of his shorter breaks ranged broadly, from 5 to 20 minutes. Plaintiffs did not submit a pay stub showing Marre's compensation for this period. However, Labels Direct did supply a corresponding pay record in its Opposition Response [ECF No. 37-7], which reveals Marre received overtime compensation for 2.72 hours, and controverts Plaintiffs' assertion that Marre

received no overtime hours.  Consequently, the Court finds Marre has not met his burden as movant for summary judgment, as the record evidence does not establish the asserted material fact as uncontroverted.

As another example of Labels Direct's failure to "pay wages to Plaintiffs for the time spent on the two brief rest periods," Plaintiffs submitted a "Detail Employee Report" showing Benton's hours for the two weeks ending Friday, August 31, 2012 [ECF No. 27-2], and a copy of his pay stub corresponding to that period [ECF No. 27-3].  Examination of Benton's time record shows Benton clocked a total of 80.00 hours during this pay period.  The record further reveals, on August 31, 2012, Benton clocked 7.10 hours, and took only two breaks, a morning break of 1 hour and 45 minutes, and an afternoon break of 12 minutes, for a total of 117 minutes.  On the other 10 days of this time period, he took daily morning breaks ranging from 11 to 16 minutes, daily mid-shift breaks ranging from 27 to 39 minutes, and afternoon breaks ranging from 11 to 17 minutes.  Presumably, these examples were chosen as being most representative of these two plaintiffs' claims.  The Court finds, however, this evidence also is insufficient to establish the material fact asserted by Plaintiffs as uncontroverted.  In fact, the time record shows that, for the cited time period, Benton's use of his break time varied as to number of breaks and duration of breaks.

In its Opposition to Plaintiffs' Motion for Summary Judgment, Labels Direct contends Plaintiffs' Motion is premature, and should be denied on the basis of ripeness, and on the merits [ECF No. 36].  Labels Direct argues the Court should continue its consideration of this motion until discovery is completed, and asserts it cannot fully respond without evidence possessed by Plaintiffs, which could show the activities in which Plaintiffs engaged during their breaks; if the

plaintiffs' time and attention was devoted to work-related activities during the breaks; and whether the breaks predominately benefitted Labels Direct. Alternatively, should the Court find the Motion ripe for determination, Labels Direct also requests permission to file a more comprehensive opposition.

Regarding the merits of Plaintiffs' Motion, Labels Direct challenges Plaintiffs' citation of 29 C.F.R. § 785.18 as "controlling law," and argues the federal regulation "is not followed by the Eighth Circuit, and does not stand for the strict rule proffered by Plaintiffs" [ECF No. 36 at 7]. Labels Direct argues, even if the Court were persuaded to rely solely on the regulations for its determination, 29 C.F.R §§ 785.19 and 785.16 are implicated here, and must also be considered.

29 C.F.R. § 785.19 provides bona fide meal periods are rest periods, and are not worktime. 29 C.F.R. § 785.19(a). Section 785.19 further requires the employee be completely relieved from duty for the purposes of eating regular meals, and, states ordinarily, 30 minutes or more is long enough for a bona fide meal period, although shorter periods may be long enough under special conditions. *Id*.

29 C.F.R. § 785.16 addresses periods during which an employee is completely relieved from duty, and which are long enough to enable effective use for the employee's own purposes. 29 C.F.R. § 785.16(a). Section 785.16 states this effective use determination is dependent upon the facts and circumstances of the case. *Id*.

Labels Direct asserts the two 15-minute breaks are meal periods, and, citing to *Henson v. Pulaski Co. Sheriff Dep't*, 6 F.3d 531 (8th Cir. 1993), contends the breaks are noncompensable unless Plaintiffs prove their time is spent predominately for Labels Direct's benefit. Labels Direct argues Plaintiffs have failed to address the numerous factors that must be considered in

evaluating the nature of the break periods as a whole, and asserts it has presented information sufficient to preclude summary judgment.

The Court notes Plaintiffs' Reply [ECF Nos. 43, 44] does not directly address "Defendants' Additional Uncontroverted Facts in Opposition to Plaintiffs' Motion for Summary Judgment" [ECF No. 37 at 11-13], as required by Federal Rule of Civil Procedure 56(c). *See* Fed. R. Civ. P. 56(c)(B) (party asserting that a fact is genuinely disputed must support assertion by showing the cited materials do not establish the absence of a genuine dispute, or that adverse party cannot produce admissible evidence to support asserted fact).

The facts asserted as uncontroverted by Labels Direct include, among others: 1) "Defendant provided the warehouse and manufacturing employees the three breaks so – as requested by certain employees – they could eat multiple times during their shifts"; 2) "In fact, Defendant supplied free food to the employees during these breaks"; 3) "None of the activities engaged in by the employees during their breaks were for the benefit of Labels Direct"; 4) "Indeed, certain employees, including Plaintiff Marre[,] requested the three breaks so they could eat multiple times (instead of just once) throughout the day"; and 5) "Most (if not all) of the employees used the break periods to eat a substantial meal" [ECF No. 37 at 12-13].

Plaintiffs do not controvert Labels Direct's stated facts by showing the cited materials do not establish the absence of a genuine dispute, in accordance with Rule 56. Instead, Plaintiffs argue Labels Direct predicates its entire defense to liability on "the false or sham factual assertion that there were three meal periods, essentially three lunch breaks, each shift[,]" and they assert Labels Direct's defense contradicts its prior statements and is contrary to common sense [ECF No. 43 at 1]. Plaintiffs contend "[t]he possibility that workers ate during their short breaks does

not prevent application of § 785.18 in every respect to the benefit of Plaintiffs even if one applies the 'predominately-for-the-benefit-of-the-employer' test since, at the very least, those short breaks improved employer/employee relationships" [ECF No. 43 at 8]. Plaintiffs argue 29 C.F.R. § 785.18 is presumptively valid, and they contend the MMWL demands more strict compliance with the federal regulation, due to the Act's interpretation requirement. Plaintiffs assert Labels Direct has failed to rebut the presumption that breaks of short duration are rest periods and must be counted as time worked. Given the parties' contentions, the duration and use of the break periods are material to Plaintiffs' summary judgment argument.

When a party fails to address a fact as required by Rule 56(c), the Court may give the party the opportunity to address the fact, deem the fact undisputed for purposes of the motion, grant summary judgment if appropriate, or issue any other appropriate order. Fed. R. Civ. P. 56(e). Hence, the Court could choose to deem Labels Direct's Additional Uncontroverted Facts in Opposition to Plaintiffs' Motion for Summary Judgment to be undisputed under Rule 56(c). Nevertheless, the Court need not exercise its discretion to do so, because Labels Direct's Response has established, at a minimum, the existence of genuine issues of material fact that preclude entry of summary judgment in favor of Plaintiffs.

As an initial matter, the Court finds the regulations are not controlling law in the Eighth Circuit, and do not stand for the strict rules of application argued by Plaintiffs. *See Henson*, 6 F.3d at 535 (concluding the Wage and Hour Division's meal period compensability period lacked persuasive force). In fact, the regulations expressly proclaim they are statements of general policy meant to provide a "practical guide for employer and employees," and acknowledge "[t]he ultimate decisions on interpretations of the act are made by the courts." *See* 29 C.F.R. § 785.2.

Furthermore, the Eighth Circuit has indicated its reluctance to determine the compensability of breaks by adopting or applying a standard contained in a single regulation. "The weight that any one regulation merits depends upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those facts which give it power to persuade, if lacking power to control." *Henson*, 6 F.3d at 535 (internal quotations and citation omitted).

The FLSA and the MMWL mandate that covered employees be paid one and one-half times their regular rate of pay for any overtime hours worked. The Eighth Circuit has noted that, while neither act defines what constitutes work for purposes of determining compensability, the Supreme Court has:

> In *Tennessee Coal, Iron & Railroad v. Muscoda Local No. 123*, the Court defined work as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." 321 U.S. 590, 598, 64 S.Ct. 698, 703, 88 L.Ed. 949 (1944).

*Henson*, 6 F.3d at 533. In *Henson*, the Eighth Circuit was considering the compensability of a half-hour meal break given to police officers during their shifts. *Id.* at 533, 536. The Court concluded the "predominantly-for-the-benefit-of-the employer" standard provided the appropriate test for determining the compensability of meal periods under the FLSA, but noted it and other appellate courts also applied that standard in various other situations to determine whether certain activities constituted work under the Act. *Id*. at 534-55; *see also May v. Ark. Forestry Comm'n*, 993 F.2d 632, 638-39 (8th Cir. 1993) (discussing relevant standard to determine compensability of time spent on "subject-to-call" status). Under this flexible standard, standard, courts may consider several factors, depending on the unique circumstances of the case.

13

*Henson*. 6 F.3d at 534.

Upon review of the record, the Court finds Plaintiffs have not shown they are entitled to summary judgment on the issue of Labels Direct's liability in this matter. Plaintiffs and Labels Direct both agree that prior to 2010, non-exempt hourly manufacturing and warehouse employees were provided one 1-hour uncompensated lunch break during their shift, and that this 1-hour break was later divided into three breaks in response to requests from the employees, including Marre. Traditionally, then, the 1-hour break time was regarded as a bona fide meal period, and not worktime. It is uncontroverted that during these breaks, the employees were completely relieved from duty, free to do whatever they wanted, and provided meals. Plaintiffs state they agree with Labels Direct that the manufacturing employees requested the breaks and were upset and dissatisfied when they were taken away. Marre attests the two 15-minute breaks were desirable because of the strenuous nature of the work; however, this is disputed by Chaney's declaration that Marre and others requested three meal breaks so they could eat multiple times throughout the day. From the facts before this Court, it is unable to conclude that Labels Direct has violated the FLSA.

Furthermore, the Court agrees Plaintiffs' summary judgment is prematurely advanced. As Labels Direct asserts, Plaintiffs filed their Motion before an Answer to their Third Amended Complaint had been filed, before any scheduling order had been issued, before any depositions had been conducted, and before adequate discovery had been undertaken. Labels Direct further notes that Plaintiffs filed another amended complaint, their FAC, after the filing of this summary judgment motion. Labels Direct points out that, although Plaintiffs amended their Complaint to add two individual defendants, they moved for summary judgment only as to Labels Direct.

The Court will deny Plaintiffs' Motion for Partial Summary Judgment.

Accordingly,

**IT IS HEREBY ORDERED** that "Plaintiffs' Motion for Partial Summary Judgment" [ECF No. 21] is **DENIED**.

So Ordered this 23rd day of September, 2014.

                                          **E. RICHARD WEBBER**
                                          **SENIOR UNITED STATES DISTRICT JUDGE**